**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

------------------------------- x
UNIFORMED PROFESSIONAL FIRE　　　　　:
FIGHTERS ASSOCIATION OF　　　　　　　:
CONNECTICUT, STAMFORD　　　　　　　　:
PROFESSIONAL FIRE FIGHTERS　　　　　:
ASSOCIATION, INTERNATIONAL　　　　　:
ASSOCIATION OF FIRE FIGHTERS　　　　:
LOCAL 786, FAIRFIELD FIRE　　　　　　:
FIGHTERS ASSOCIATION, IAFF LOCAL :
1426, STRATFORD PROFESSIONAL　　　　:
FIRE FIGHTERS, IAFF LOCAL 998,　　 :
HAMDEN PROFESSIONAL FIRE　　　　　　　:
FIGHTERS, IAFF LOCAL 2687, CITY　 :
OF GROTON FIRE FIGHTERS UNION,　　 :
IAFF LOCAL 1964, CITY OF　　　　　　　:
STAMFORD, OLD MYSTIC FIRE　　　　　　:
DISTRICT, THE RELIANCE FIRE　　　　　:
COMPANY, INC., PETER BROWN, PAUL :
ANDERSON, STEVE MICHALOVIC, DAN　 :
TOMPKINS, NELSON HWANG, and　　　　　:
WILLIAM TUTTLE, individually　　　　:
and on behalf of all others　　　　　:
similarly situated,　　　　　　　　　　: Civil No. 3:24-CV-1101 (AWT)
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
3M COMPANY (f/k/a MINNESOTA　　　　　:
MINING AND MANUFACTURING　　　　　　　:
COMPANY), EIDP, INC., DUPONT DE　 :
NEMOURS, INC., CHEMOURS COMPANY, :
CHEMOURS COMPANY FC, LLC,　　　　　　:
CORTEVA, INC., ELEVATE TEXTILES, :
INC., GENTEX CORPORATION, GLOBE　 :
MANUFACTURING COMPANY, LLC, W.L. :
GORE & ASSOCIATES, INC., FIRE-　　 :
DEX GW, LLC, HONEYWELL SAFETY　　　:
PRODUCTS USA, INC., INTERTECH　　　:
GROUP, INC., LION GROUP, INC.,　　 :
MILLIKEN & COMPANY, MORNING　　　　　:
PRIDE MANUFACTURING L.L.C., PBI　 :
PERFORMANCE PRODUCTS, INC.,　　　　　:
SAFETY COMPONENTS FABRIC　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

-1-

```
TECHNOLOGIES, INC., and STEDFAST :
USA, INC.,                       :
                                 :
          Defendants.            :
------------------------------ x
```

### ORDER DENYING DEFENDANT 3M COMPANY'S MOTION FOR STAY

For the reasons set forth below, defendant 3M Company's Motion for Stay Pending the Judicial Panel on Multidistrict Litigation's Final Transfer Decision (ECF No. 17) is hereby DENIED.

By way of background, the Amended Complaint (ECF No. 9) sets forth claims against the defendants for "harm resulting from the purchase and use of and dependence upon certain personal protective equipment containing hazardous levels of toxic, carcinogenic chemicals." Am. Compl. ¶ 2. The plaintiffs allege that the defendants "designed, developed, manufactured, tested, packaged, promoted, marketed, advertised, distributed, and/or sold the equipment, materials, and/or chemicals in Connecticut and caused harm to Plaintiffs, Plaintiffs' members, and members of the Class in Connecticut." Id. ¶ 44. The plaintiffs claim that turnout gear sold by the defendants was "contaminated with dangerous levels of various per- and polyfluoroalkyl substances ("PFAS"), including (but not limited to) perfluorooctane sulfonate ("PFOS"), perfluorooctanoic acid ("PFOA"), fluoropolymers such as polytetrafluoroethylene ("PTFE"), and side-chain fluorinated polymers ("SCFPs")." Pls.'

Opp'n to Defs.' Mot. for Stay (ECF No. 43) ("Pls.' Opp'n") at 5.[1]

Defendant 3M Company ("3M") moves "to stay all proceedings in this matter until the Judicial Panel on Multidistrict Litigation (the "JPML" or "Panel") renders a final decision on 3M's pending motion to transfer this action to the District of South Carolina for inclusion in the pending multidistrict litigation proceeding captioned <u>In re Aqueous Film-Forming Foams (AFFF) Products Liability Litigation</u> (MDL No. 2873)" (the "AFFD MDL"). Def. 3M Company's Mem. in Supp. of Mot. for Stay (ECF No. 18) ("Def.'s Mem.") at 3. The AFFD MDL was established in December 2018. At the time the AFFD MDL was established, the court stated: The actions in the AFFD MDL "share factual questions concerning the toxicity of PFOA and PFOS and their effects on human health; the chemical properties of these substances and their propensity to migrate in groundwater supplies; the knowledge of the AFFF manufacturers regarding the dangers of PFOA and PFOS; their warnings, if any, regarding proper use and storage of AFFFs; and to what extent, if any, defendants conspired or cooperated to conceal the dangers of PFOA and PFOS in their products." <u>In re AFFF Prods. Liab. Litig.</u>, 357 F. Supp. 3d 1391, 1394 (J.P.M.L. 2018). The court also stated: "As there are relatively few non-AFFF actions,

---

[1] The page numbers cited to in this ruling for documents that have been electronically filed refer to the page numbers in the header of the documents and not to the page numbers in the original documents, if any.

which are being managed effectively in their current districts, expansion of this MDL to include non-AFFF actions is not warranted." Id. at 1396.

3M points out that "[a]lthough the Panel initially created the MDL to centralize cases asserting claims to recover for groundwater and drinking water contamination resulting from the use of PFAS-containing AFFF, the Panel subsequently expanded the scope of the MDL in 2021 to encompass claims of firefighters asserting injuries from direct exposure to PFAS in AFFF and [turnout gear]." Def.'s Mem. at 4. The plaintiffs point out that they "identified the Defendants named in the Complaint based on their involvement in the manufacturing, marketing, and selling of PFAS-contaminated turnout gear and/or certain materials or chemicals therein. Although many of the Defendants named in the Complaint are also defendants in the AFFF MDL (MDL No. 2873), the cases pending in the AFFF MDL involve allegations that AFFFs contaminated groundwater near airports and other industrial locations with PFOA and PFOS." Pls.' Opp'n at 5. The plaintiffs also point out that, by contrast, the Amended Complaint "does not include any allegations pertaining to the manufacture, marketing, supply, use, or disposal of AFFFs." Id.

3M filed its motion to transfer with the JPML on August 15, 2024. Briefing on the motion to transfer has been completed and the Panel is expected to take up the motion to transfer at its

December 5, 2024 hearing, and typically, a decision is issued
one to two weeks later.

The court has reviewed the factors considered by courts in
this circuit when determining whether to grant a stay pending a
decision by the Panel on a motion transfer. See <u>Gallagher v.
Boehringer Ingelheim Pharms., Inc.</u>, No. 22-CV-10216 (LJL), 2023
WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023) ("At least in the MDL-
context, '[c]ourts in this Circuit consider five factors in
deciding whether a stay is appropriate . . . .'" (citation
omitted)); <u>City of Amsterdam v. Purdue Pharma L.P.</u>, No. 1:19-CV-
896 (MAD/CFH), 2019 WL 5102564, at *2 (N.D.N.Y. Oct. 11, 2019);
<u>LaSala v. Needham & Co., Inc.</u>, 399 F. Supp. 2d 421, 427
(S.D.N.Y. 2005). After considering those factors, the court
concludes that, on balance, they weigh in favor of denying the
motion to stay.

The first factor is "the private interests of the
plaintiffs in proceeding expeditiously with the civil litigation
as balanced against the prejudice to the plaintiffs if delayed."
<u>City of Amsterdam</u>, 2019 WL 5102564, at *2. 3M states that the
stay sought here is expected to be brief, not open-ended or
indefinite, in that the Panel should decide 3M's motion by the
middle of December. Also, discovery has not started in this
case, and if this case is transferred by the JPML, the
plaintiffs will have the benefit of coordinated pretrial

-5-

proceedings and discovery to the extent it is relevant to the claims in this case. However, 3M (and the other defendants) are not obligated to simply accept the Panel's decision, so there is no guarantee that any stay imposed in this case will be lifted in December. Also, the plaintiffs have pointed to significant differences between this case and the typical case that is part of the AFFD MDL, so there is a serious question as to the extent to which discovery in this case overlaps with the discovery in the MDL, and consequently, as to the extent to which the plaintiffs will need discovery that has not been obtained in the MDL. In addition, in cases like this one, there are frequently disputes with respect to discovery, resulting in delays. While no single delay should result in significant prejudice to the plaintiffs, cumulative delays could. Thus the court concludes that this factor weighs in favor of denying the motion to stay.

"[T]he private interests of and burden on the defendants" weighs in favor of granting the motion to stay. Id. Granting a stay will protect the defendant against the "risk of hardship [from] engaging in duplicative motion practice and discovery proceedings," as well as the possibility of "inconsistent rulings." Royal Park Invs. SA/NV v. Bank of Am. Corp., 941 F. Supp. 2d 367, 370, 372 (S.D.N.Y. 2013) (citations omitted). As stated by 3M, it may be required to brief a motion to dismiss in this case, but under the MDL's case management orders "any

-6-

motion must be signed by Co-Lead Counsel" or filed with "leave
of the Court." Case Management Order No. 2.A, <u>In re: Aqueous
Film-Forming Foams Products Liability Litigation</u> ¶ 3, No. 2:18-
mn-2873-RMG (D.S.C. June 26, 2019), ECF No. 130. Also, under
"[t]he MDL Court's Case Management Orders," defendants "need to
file only a general denial and preliminary statement of
affirmative defenses that applies across all cases in which they
are named as parties." Def. 3M Company's Reply in Supp. of Mot.
for Stay (ECF No. 48) ("Def.'s Reply") at 7.

   "[T]he interests of the courts" is a neutral factor. <u>City
of Amsterdam</u>, 2019 WL 5102564, at *2. "[C]ourts in this Circuit
have recognized that stays pending transfer will . . . conserve
judicial resources, one of the fundamental goals of
multidistrict litigation practice." <u>Royal Park</u>, 941 F. Supp. 2d
at 373 (internal quotation marks and citations omitted). On the
other hand, given the significant differences pointed to by the
plaintiffs between this case and the typical case that is part
of the AFFD MDL, the opportunity for the parties and the court
to identify for early resolution issues that are not presented
in the AFFD MDL would probably be beneficial to the transferee
court in the event this case is transferred to the MDL. <u>See
Quinn v. JPMorgan Chase Bank, N.A.</u>, No. 20-CV-4100 (JSR), 2020
WL 3472448, at *2 (S.D.N.Y. June 24, 2020).

   The fourth factor is the interests of persons not parties

-7-

to the litigation. The considerations here are the same as those
with respect to the third factor, and the court concludes that
this is also a neutral factor.

The fifth factor is "the public interest," and it weighs
heavily in favor of denying the motion to stay. City of
Amsterdam, 2019 WL 5102564, at *2. This is a class action on
behalf of firefighters in the State of Connecticut who are
claiming that they have been injured and continue to be injured
because the turnout gear they are using is contaminated with the
"forever chemicals" at issue in this case. Am. Compl. ¶ 54. The
court agrees with the plaintiffs that "Plaintiffs made the
deliberate decision to bring Connecticut claims in the District
of Connecticut with the understanding that this path offered the
best chance of securing relief as soon as possible." Pls.' Opp'n
at 14. Any delay in the resolution of their claims is not only
not in the plaintiffs' interest, but also not in the public
interest given the nature of the function the plaintiffs
perform.

Based on the foregoing, the court concludes that the
relevant factors weigh in favor of denying 3M's motion to stay.
For the same reasons the court concludes that the alternative
request, i.e. for an extension of time to 30 days after a final
decision by the JPML for 3M to respond to the Amended Complaint,
should also be denied.

-8-

Accordingly, the deadline for pleading in response to the Amended Complaint is November 15, 2024, and the deadline to file the Form 26(f) Report of Parties' Planning Meeting is December 6, 2024.

It is so ordered.

Dated this 9th day of October 2024, at Hartford, Connecticut.

/s/AWT
_____
Alvin W. Thompson
United States District Judge
