IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNIFORMED PROF'L FIRE FIGHTERS ASS'N OF CONNECTICUT, STAMFORD PROF'L FIRE FIGHTERS ASS'N, INT'L ASS'N OF FIRE FIGHTERS LOCAL 786, FAIRFIELD FIRE FIGHTERS ASS'N, IAFF LOCAL 1426, STRATFORD PROF'L FIRE FIGHTERS, IAFF LOCAL 998, HAMDEN PROF'L FIRE FIGHTERS, IAFF LOCAL 2687, CITY OF GROTON FIRE FIGHTERS UNION, IAFF LOCAL 1964, CITY OF STAMFORD, OLD MYSTIC FIRE DIST., THE RELIANCE FIRE CO., INC., PETER BROWN, PAUL ANDERSON, STEVE MICHALOVIC, DAN TOMPKINS, and NELSON HWANG, WILLIAM TUTTLE, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY), et al.,<br><br>       Defendants. | Case No. 3:24-cv-01101<br>Judge Alvin W. Thompson<br>Magistrate Judge Thomas O. Farrish<br>December 6, 2024 |

**ELEVATE TEXTILES, INC.'S AND SAFETY COMPONENTS FABRIC TECHNOLOGIES, INC.'S JOINT SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS JOINT MEMORANDUM OF LAW IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**

Defendants Elevate Textiles, Inc. ("Elevate Textiles") and Safety Components Fabric Technologies, Inc. ("Safety Components") respectfully submit this supplemental memorandum in support of their Joint Motion to Dismiss, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(f).[1]

---

[1] Elevate Textiles and Safety Components incorporate by reference all arguments set forth in their Joint Motion to Dismiss, including the accompanying memorandum of law and exhibits, as well as relevant arguments and materials advanced by their co-defendants in support of the collective motion to dismiss. By filing this memorandum, neither defendant waives any arguments or defenses.

**INTRODUCTION**

Plaintiffs, comprised of firefighter unions, individual firefighters, municipalities, and emergency response entities, broadly allege that turnout gear they purchased or wore contained PFAS substances, resulting in the accumulation of these chemicals in firefighters' bodies and an increased risk of adverse health conditions. *See* Doc. 9 [Compl.] ¶¶ 7-21; 232-34.

Despite these sweeping allegations, Plaintiffs' complaint lacks specific factual allegations linking either Elevate Textiles or Safety Components to the development, manufacturing, or distribution of the turnout gear at issue. Instead, Plaintiffs rely on vague, generalized group-pleading allegations against all "Defendants." This reliance on group pleadings is prejudicial to the defendants, and falls short of the specificity required to establish personal jurisdiction, Article III standing, or a cognizable claim under Rule 12(b)(6).

To address the deficiencies in Plaintiffs' group-pleading allegations and their failure to establish personal jurisdiction, this memorandum incorporates the Declaration of Jimmy Summers, Vice President of Environmental, Health, Safety, and Sustainability for Elevate Textiles, attached as Exhibit A. The declaration confirms that Elevate Textiles and Safety Components do not conduct substantial business operations within Connecticut and maintain no offices, facilities, or physical presence in the state. In short, the Complaint has not, and cannot, allege sufficient facts to impose personal jurisdiction on either Elevate Textiles or Safety Components.

Because Plaintiffs fail to establish standing, personal jurisdiction, or a cognizable claim against Elevate Textiles and Safety Components, these defendants respectfully request that this Court grant their motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(f).

**SUPPLMENETAL ARGUMENT**

I. **Declaration by Corporate Representative, Jimmy Summers.**

The facts set forth in Mr. Summers's declaration establish that neither Elevate Textiles nor Safety Components maintain the minimum contacts with Connecticut required to support personal jurisdiction. *See* Ex. A. The declaration explains in detail Elevate Textiles' and Safety Components' corporate histories, operations, and lack of jurisdictional contacts with Connecticut. The declaration makes clear that neither entity is domiciled in Connecticut nor engages in substantial business activities within the state. All of these facts undermine the Plaintiffs' generalized group allegations against the defendants as a collective.

Specifically, the declaration establishes that Elevate Textiles is the parent company of Safety Components. *See* Ex. A ¶ 5. Elevate Textiles has its principal place of business at 121 West Trade Street, Suite 1700, Charlotte, NC, while Safety Components is headquartered at 40 Emery Street, Greenville, SC. *See id.*, ¶¶ 5-6. Both companies were served in this matter through their registered agent at 1209 Orange Street, Wilmington, DE, their state of incorporation. *See id.*, ¶ 8.

The declaration further confirms that neither Elevate Textiles nor Safety Components conducts substantial business operations in Connecticut. *See id.*, ¶ 9. Neither company maintains offices, facilities, or any physical presence in the state. *See id*. All product development, manufacturing, and testing for Elevate Textiles is managed exclusively from its headquarters in Charlotte, NC, while Safety Components conducts all such activities from its headquarters in Greenville, SC. *See id.*, ¶¶ 10-11. Finally, Mr. Summers clarifies that both Elevate Textiles and Safety Components operate in business-to-business (B2B) contexts, selling their products to distributors, wholesalers, and other intermediaries. *See* Ex. A ¶ 12. Neither entity directly markets, distributes, or sells products to Connecticut consumers. *See id.*, ¶ 13.

The Summers Declaration, in conjunction with the arguments outlined in the Joint Motion to Dismiss, conclusively demonstrates that Plaintiffs have failed to establish sufficient minimum contacts between Elevate Textiles or Safety Components and Connecticut to support the exercise of personal jurisdiction. Neither entity is domiciled in Connecticut, nor do they engage in business or other activities linking them to the forum state. Without evidence of such jurisdictional connections, dismissal under Rule 12(b)(2) is both necessary and appropriate.

Plaintiffs' use of group pleadings cannot change these facts, as those allegations do not provide factual specificity regarding the domicile, activities, or alleged conduct of Elevate Textiles or Safety Components—all of which are core facts necessary to show that the exercise of jurisdiction satisfies the long-arm statute and comports with Due Process. This approach fails to satisfy the pleading standards set forth in Rule 12(b)(6), deprives these defendants of fair notice, and prejudices their ability to mount an effective defense. These generalized and improper allegations also warrant dismissal under Rule 12(f).

Finally, as set forth in the initial Joint Motion to Dismiss, Plaintiffs fail to allege any concrete, particularized harm directly traceable to Elevate Textiles or Safety Components. The absence of specific allegations connecting these defendants to the injuries claimed or to any activities in Connecticut underscores Plaintiffs' inability to establish Article III standing. This critical deficiency independently supports dismissal of their claims under Rule 12(b)(1).

## **CONCLUSION**

The Summers Declaration, alongside the arguments advanced in the Joint Motion to Dismiss, conclusively demonstrates that Elevate Textiles and Safety Components lack the jurisdictional contacts and factual ties required to sustain Plaintiffs' claims. Plaintiffs' reliance on group pleading and their failure to allege concrete harm further reinforce the necessity of dismissal.

For these reasons, Elevate Textiles and Safety Components respectfully request that the Court dismiss Plaintiffs' claims with prejudice pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(f).

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ Kelcie B. Reid
Kelcie B. Reid
Bar No.: ct30550
755 Main Street, Suite 1700
Hartford, CT 06103
Telephone: 860-494-7514
kreid@grsm.com
*Counsel for Defendants Elevate Textiles, Inc. and Safety Components Fabric Technologies, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 6, 2024, by electronically filing the foregoing document with the Clerk of Court through the CM/ECF system, a true and correct copy of the foregoing was served to all known counsel of record by notice of electronic filing.

        Respectfully submitted,

        **GORDON REES SCULLY MANSUKHANI, LLP**

        By:    /s/ Kelcie B. Reid
                   Kelcie B. Reid
                   Bar No.: ct30550
                   755 Main Street, Suite 1700
                   Hartford, CT 06103
                   Telephone: 860-494-7514
                   kreid@grsm.com
                   *Counsel for Defendants Elevate Textiles, Inc. and Safety Components Fabric Technologies, Inc.*