# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

UNIFORMED PROFESSIONAL FIRE FIGHTERS
ASSOCIATION OF CONNECTICUT, *et al.*

Plaintiffs,

v.

3M COMPANY (F/K/A MINNESOTA MINING AND
MANUFACTURING COMPANY), *et al.*,

Defendants.

Civil Action No.:
3:24-CV-01101-AWT

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT GENTEX CORPORATION'S 12(b)(2)**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
**AND JOINDER OF CO-DEFENDANTS' 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

## I.      **<u>INTRODUCTION</u>**

Gentex Corporation ("Gentex") is a late and poor addition to this litigation[1] brought by a group of Connecticut plaintiffs including local firefighter unions, firefighters, a city, a fire district, and a putative class of purchasers of firefighter turnout gear and other personal protective equipment ("PPE"). Gentex is a Pennsylvania-based company that designs, develops, and manufactures products for defense and security personnel operating in high performance environments including helmet systems, respirators, hearing protection, and accessories for military, national security, law enforcement, and emergency personnel.[2] Gentex is not in the turnout gear or firefighter PPE business. Gentex appears to have been mistakenly added as a defendant in this case as a result of its relationship with one or more of the co-defendants rather than any indication that Gentex ever sold or manufactured a product containing per- and polyfluoroalkyl substances ("PFAS") in firefighter PPE. The Court should dismiss this case as to Gentex because Plaintiffs have not, and cannot, establish personal jurisdiction over Gentex in Connecticut. Gentex is not registered to do business in Connecticut, has almost no contacts or sales in Connecticut, and does not sell turnout gear or firefighter PPE products, or the materials or chemicals typically incorporated into such products, into Connecticut. Accordingly, Gentex should be promptly dismissed from this case under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Gentex also hereby joins co-defendants' motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 245.

---

[1] Gentex was added as a defendant in the Second Amended Complaint on April 22, 2025.
[2] Declaration of Dustin Levy ("Decl.") ¶ 8.

II.    **BACKGROUND**

Gentex is a foreign corporation incorporated in Delaware with its principal place of business in Pennsylvania. Compl. ¶ 53. Gentex is not registered to do business in Connecticut and does not have an agent for service of process in Connecticut. Decl. ¶ 3. Gentex does not have any offices in Connecticut, own real estate in Connecticut, have any bank accounts in Connecticut, or file tax returns in Connecticut. Decl. ¶ 4. Gentex does not manufacture products in Connecticut, have dedicated retailers or distributors in Connecticut that sell firefighter PPE, or sell firefighter PPE to other manufacturers or retailers located in Connecticut. Decl. ¶ 5. Of a total head count of approximately 1163 employees, only two Gentex employees work remotely in Connecticut. Neither is engaged in the sale of turnout gear or firefighting PPE. Decl. ¶ 6. Gentex's total revenue over the past three years (2022-2024) from sales in Connecticut range from 0.06% to 0.19% of its overall revenue. Decl. ¶ 9. Gentex's total direct sales of all textile materials with a National Fire Protection Agency ("NFPA") rating to Connecticut is $5207.28 from 1999 to the present. Decl. ¶ 10. Gentex has not sold any NFPA-rated materials in Connecticut (or the United States) since November 2023. Decl. ¶ 10. Gentex has no knowledge of any sales of NFPA-rated or other materials incorporated into turnout gear or firefighter PPE to third parties that were delivered to Connecticut. Decl. ¶ 11. Nor does Gentex have knowledge of any sales of NFPA-rated materials or other products to third parties that might have been incorporated into products sold to Plaintiffs. Decl. ¶ 11. Gentex did not enter into any contracts with Plaintiffs related to firefighter PPE in Connecticut or anywhere else. Decl. ¶ 12. Gentex did not solicit sales of firefighter PPE, turnout gear, or NFPA-rated textile materials by mail or otherwise. Decl. ¶ 13. Gentex has never offered firefighter PPE, turnout gear, or NFPA-rated materials for sale directly to consumers in Connecticut through its website. Decl. ¶ 13. Put simply, Gentex is not an active participant in the national turnout gear and firefighter PPE market and does very little other business in Connecticut.

### III.    LEGAL STANDARD

Plaintiffs bear the burden of establishing that a court has personal jurisdiction over defendants on a Rule 12(b)(2) motion to dismiss. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996); *Brown v. CBS Corp.*, 19 F. Supp. 3d. 390, 392 (D. Conn. 2014) (citation omitted). In the absence of jurisdictional discovery, a plaintiff must "make a *prima facie* showing that the court possesses personal jurisdiction over the defendant." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 82 (D. Conn. 2020). "[T]he plaintiff's *prima facie* showing . . . must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life*, 84 F.3d at 567 (citation omitted). Courts in the Second Circuit routinely deny jurisdictional discovery where plaintiffs have failed to make a threshold showing of personal jurisdiction on the pleadings. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998); *Cochrane v. Liedtka Trucking, Inc.*, No. 304cv01721, 2005 WL 8167250, at *5 (D. Conn. July 28, 2005).

A court sitting in diversity looks to the law of the forum state to determine whether the federal court has personal jurisdiction over a foreign corporation. *Jazini*, 148 F.3d at 183. Under Connecticut law, courts apply a two-part inquiry to determine jurisdiction over out-of-state companies. First, the court looks to "whether the applicable state [long arm] statute authorizes the assertion of jurisdiction over the [defendant]." *Adams v. Aircraft Spruce & Spec. Co.*, 345 Conn. 312, 322 (2022) (citation omitted). Second, the court decides "whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." *Id.* (citation omitted).

### IV.    ARGUMENT

#### A.    Connecticut's Long-Arm Statute Does Not Reach Gentex.

Connecticut's long-arm statute does not reach Gentex under any theory. Plaintiffs bear the burden of showing that their claims against Gentex arise out of: (1) a contract made or performed

in the state; (2) "business solicited in this state by mail or otherwise if the corporation has repeatedly solicited business, whether the orders or offers relating thereto were accepted within or without the state;" (3) "production, manufacture or distribution of goods . . . with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed . . . whether or not through the medium of independent contractors or dealers;" or (4) "tortious conduct in this state." Conn. Gen. Stat. § 33-929(f). Plaintiffs do not make the *prima facie* showing required for the court to establish personal jurisdiction over Gentex under any of these theories because they have not pleaded any specific facts or claims with respect to Gentex and its contacts with Connecticut.

In cases in which "the defendant's activities do not specifically target Connecticut consumers, 'there can be no purposeful availment of the laws of the State of Connecticut, and therefore long-arm jurisdiction cannot be proper.'" *See W. World Media, LLC v. Ikamobile Ltd.*, 809 F. Supp. 2d 26, 30 (D. Conn. 2011) (citation omitted). Plaintiffs do not allege that their claims against Gentex arise out of any contract made or performed in Connecticut. Conn. Gen. Stat. § 33-929(f)(1). Rather, Plaintiffs appear to attempt to establish jurisdiction under § 33-929(f)(2), (3), or (4).

### 1. Plaintiffs Do Not Allege Facts Sufficient to Assert Personal Jurisdiction Over Gentex Under § 33-929(f)(2).

Plaintiffs cannot establish that Section 33-929(f)(2) of Connecticut's long-arm statute applies in this case because there are no allegations that Gentex has sought to directly solicit business in the State. Plaintiffs do not allege that Gentex "purposefully directed" advertising at the State. *W. World Media*, 809 F. Supp. 2d at 31. Plaintiffs merely plead that Gentex's website "facilitate[s] interactions between sales personnel and Connecticut residents" through a contact form and by providing email contact information. Compl. ¶ 120. These allegations are insufficient

to establish personal jurisdiction. *See Amer. Wholesalers Underwriting, Ltd. v. Amer. Wholesale Ins. Grp., Inc.*, 312 F. Supp. 2d 247, 254–55 (D. Conn. 2004) (holding that "passive" websites requiring "a potential customer to initiate contact with [the company] by telephone, mail, or email" without being able to "directly purchase any product through the web site" is insufficient to establish personal jurisdiction); *Bernaud v. Sazdov*, No. 3:15-cv-1239, 2016 WL 3546202, at *5 (D. Conn. June 23, 2016) (finding no jurisdiction based on existence of passive website); *Panterra Engineered Plastics, Inc. v. Transp. Sys. Solutions, LLC*, 455 F. Supp. 2d 104, 110 n.3 (D. Conn. 2006) (finding no personal jurisdiction over plastics manufacturer who marketed products to manufacturers passively through its website). The availability of Gentex's website to Connecticut consumers, without any further allegations of active solicitation, is insufficient to establish personal jurisdiction.

Plaintiffs also allege that Gentex works through "dealers, partners, and/or suppliers throughout Connecticut that sell their products, or products containing their materials" and that these dealers are identified on Gentex's website. Compl. ¶ 119.a. Likewise, Plaintiffs claim that Gentex identifies a list of online distributors. Compl. at 31, n.2. But Plaintiffs do not identify which distributors listed on Gentex's website have offices in Connecticut, or whether those distributors actually distribute a Gentex product relevant to this litigation in Connecticut. In fact, Gentex does not have dedicated retailers or distributors of firefighter PPE in Connecticut. Decl. ¶ 5. Gentex did not actively solicit sales of firefighter PPE, turnout gear, or NFPA-rated materials to consumers in Connecticut by mail or otherwise. Decl. ¶ 13. Gentex also has never offered firefighter PPE, turnout gear, or NFPA-rated materials for sale directly to consumers in Connecticut through its website. Decl. ¶ 13. Plaintiffs' allegations, without more, are insufficient to establish jurisdiction

under Connecticut's long-arm statute based on solicitation. *W. World Media*, 809 F. Supp. 2d at 32.

### 2. Plaintiffs Do Not Allege Facts Sufficient to Assert Personal Jurisdiction Over Gentex Under § 33-929(f)(3) or (f)(4).

Plaintiffs also cannot establish jurisdiction under section 33-929(f)(3) or (f)(4) of Connecticut's long-arm statute based on the production or distribution of goods or tortious conduct in the State. In order to reach Gentex under (f)(3), Plaintiffs must demonstrate that Gentex "could reasonably have anticipated being brought into court in Connecticut by a person who had used goods that [Gentex] had distributed with the reasonable expectation that they would be used in Connecticut," and "that the plaintiff's cause of action is not materially different from an action that might have resulted directly from that use." *Metro Bus. Sys., LLC v. PlanITROI, Inc.*, No. 3:20-cv-00507, 2022 WL 2802333, at *3 (D. Conn. July 18, 2022). "[T]he Court must look at the totality of the defendant's conduct and connection to Connecticut" in making this determination. *Success Sys., Inc. v. CRS, Inc.*, No. 3:21-cv-1391, 2023 WL 2742344, at *14 (D. Conn. Mar. 31, 2023). Under section 33-929(f)(4), Connecticut courts have not found personal jurisdiction on the basis that "a tort should be deemed to have been committed in Connecticut simply because the injury is felt in Connecticut." *Success Sys., Inc. v. Excentus Corp.*, 439 F. Supp. 3d 31, 55 (2020) (internal citation and quotations omitted).

Plaintiffs generally allege that Gentex "was in the business of manufacturing and selling PFAS-containing materials with the knowledge, intention, and reasonable expectation that such materials would be incorporated into firefighter PPE sold, used and worn in Connecticut." Compl. ¶ 88.[3] Plaintiffs also allege that Gentex, and eleven other alleged suppliers, "expected their PFAS-

---

[3] Plaintiffs allege that Gentex and ten other defendants supplied materials to Fire-Dex for turnout

6

containing materials to reach their ultimate users without substantial change in the condition in which they were designed and manufactured, and they did so reach" Plaintiffs. Compl. ¶ 248. But Plaintiffs do not allege any facts supporting these conclusory allegations. Plaintiffs do not identify with specificity what goods or "PFAS-containing materials" Gentex allegedly manufactured or how Gentex reasonably expected those goods or "PFAS-containing materials" to enter the Connecticut market or reach Plaintiffs. Nor do Plaintiffs specifically allege that Gentex engaged in tortious conduct in Connecticut. Plaintiffs' general allegations are therefore insufficient to demonstrate personal jurisdiction over Gentex under § 33-929(f)(3) or (f)(4). *See Simoniz USA, Inc. v. TV Prods. USA, Inc.*, No. 3:10-cv-570, 2011 WL 63908, at *3–4 (D. Conn. Jan. 3, 2011) (finding no jurisdiction under (f)(3) or (f)(4) absent any specific allegations of manufacturer's presence in Connecticut or showing that tortious act arose from manufacturer's actions in the state).

Gentex's overall sales into the Connecticut market over the past three years represent between 0.06 to 0.19% of its overall sales. Decl. ¶ 9. The total volume of NFPA-rated textile materials Gentex sold into Connecticut over 25 years totals $5,207.28 (Decl. ¶ 10), and there is no indication this very small volume of materials rated for use by firefighters was even for firefighter PPE, or that it was in any of the products alleged to have caused Plaintiffs' injuries in this case. Plaintiffs' claims against Gentex should be dismissed because Plaintiffs have failed to establish that Connecticut's long-arm statute reaches Gentex under any theory.

---

gear, but do not allege any sales of those Gentex-supplied materials in Connecticut or to Plaintiffs. Compl. ¶ 234.

**B.      Exercising Personal Jurisdiction Over Gentex Would Violate Due Process.**

Even if Plaintiffs could clear the hurdle of Connecticut's long-arm statute, Plaintiffs' claims against Gentex should still be dismissed as a matter of due process. To satisfy due process, a foreign corporation must have sufficient "minimum contacts" with Connecticut "such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A plaintiff can satisfy the minimum contacts test by establishing either general or specific jurisdiction. *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016). Plaintiffs do not establish either.

**1.      Plaintiffs Cannot Establish General Jurisdiction Over Gentex.**

General jurisdiction can be asserted where a "corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum." *Brown*, 814 F.3d at 627 (citation omitted); *Adams*, 345 Conn. at 323 ("Only a select 'set of affiliations with a forum' will expose a defendant to such sweeping jurisdiction.") (citation omitted). A corporation is only deemed at home "where it is incorporated or where it has its principal place of business." *Brown*, 814 F.3d at 627. Gentex is a Delaware corporation that has its principal place of business in Carbondale, Pennsylvania. Compl. ¶ 53. Gentex is not registered in Connecticut, nor does it have a registered agent for service of process in Connecticut. Decl. ¶ 3. Accordingly, there is no viable argument for general personal jurisdiction over Gentex in this case.

**2.      There is No Specific Jurisdiction Over Gentex.**

The only potential path for personal jurisdiction over Gentex in this case is specific jurisdiction, but that is also barred by principles of due process. As recently addressed by the U.S. Supreme Court, specific jurisdiction "covers defendants less intimately connected with a State [than general jurisdiction], but only as to a narrower class of claims." *Ford Motor Co. v. Montana*

8

*Eighth Judicial District Court*, 592 U.S. 351, 359 (2021). A defendant's "contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Id.* (citation omitted); *see also Savage v. Scripto-Tokai Corp.*, 147 F. Supp. 2d 86, 91 (2d Cir. 2001) (plaintiffs must "show that their claims arise out of or relate to the defendant's contacts with the forum state"). In order to demonstrate "purposeful availment," a plaintiff "must show that the defendant deliberately reached out beyond its home–by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 359 (internal citation and quotations omitted). In addition to purposeful availment, plaintiffs must also show that their claims "'arise out of or relate to the defendant's contacts' with the forum." *Id.* (citation omitted). Plaintiffs cannot meet either prong of the due process test for specific jurisdiction.

First, Plaintiffs cannot establish that Gentex "purposely availed" itself of the Connecticut market. Purposeful availment requires a showing that defendant made sales with "an intent or purpose to serve the market in the forum State," such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Edberg v. Neogen Corp*., 17 F. Supp. 2d 104, 112 (D. Conn. 1998). "The mere likelihood that a product will find its way into the forum state is insufficient to establish personal jurisdiction . . . ." *Savage*, 147 F. Supp. 2d at 91 (citation omitted). Plaintiffs do not allege any facts in the Complaint that Gentex purposefully availed itself of the Connecticut firefighter PPE market.

Plaintiffs merely allege generally that Gentex "was in the business of manufacturing and selling PFAS-containing materials with the knowledge, intention, and reasonable expectation that such materials would be incorporated into firefighter PPE sold, used, and worn in Connecticut."

9

Compl. ¶ 88. Plaintiffs further only allege that Gentex (and ten other manufacturers) supplied PFAS-containing materials to Fire-Dex, not that those materials were sold in Connecticut or to Plaintiffs. Compl. ¶ 234. As discussed above, these allegations are not enough to satisfy Connecticut's long-arm statute, let alone the more rigorous due process standard of purposeful availment. There are no allegations in the Complaint that Gentex specifically sought to sell firefighter PPE in the Connecticut market. "The placement of a product in the stream of commerce without more is not an act of the defendant purposefully directed to the forum State." *Edberg*, 17 F. Supp. 2d at 112. Plaintiffs' allegations that Gentex's materials were incorporated into firefighter PPE that eventually reached Connecticut are simply not enough to satisfy due process. Compl. ¶¶ 88, 248, 354, 356.

Moreover, Gentex is simply not engaged in the sale of the firefighter PPE and turnout gear that are at the heart of this case either at the national level or specifically into Connecticut. Decl. ¶¶ 10–11. Gentex's total direct sales to Connecticut of all textile materials with an NFPA rating over the past 25 years is de minimis ($5,000). Decl. ¶ 10. Indeed, Gentex stopped selling NFPA-rated materials altogether in 2023. Decl. ¶ 10. There are no allegations in the Complaint that Gentex sold firefighter PPE into Connecticut or sold materials specifically for incorporation into firefighter PPE for sale in Connecticut. There are no allegations Gentex has offices or sales representatives in Connecticut selling firefighter PPE or turnout gear or has knowledge of any sales of these products to third parties that were delivered to Connecticut. Decl. ¶¶ 5, 11. Put simply, Plaintiffs do not, and cannot, plead purposeful availment.

But even if Plaintiffs could establish that Gentex purposefully availed itself of the Connecticut market for firefighter PPE, they still cannot establish personal jurisdiction because Plaintiffs do not sufficiently show that their legal claims relate to Gentex's contacts with

10

Connecticut. Plaintiffs have not included any specific allegations that Gentex supplied PFAS-containing materials to Plaintiffs. *Ford Motor Co.*, 592 U.S. at 359–60; *see also Adams*, 345 Conn. at 348 (finding no personal jurisdiction where there was no claim that allegedly defective product was ever marketed or sold in Connecticut or malfunctioned in Connecticut). In this case, there are no allegations tying Gentex to any specific firefighter PPE and turnout gear that allegedly caused Plaintiffs' alleged injuries. Plaintiffs merely allege that they purchased firefighter PPE that included materials supplied by Gentex. Compl. ¶¶ 354, 356. That is not enough. Gentex did not enter into any contracts specifically with Plaintiffs and there are no allegations it specifically sold material containing PFAS that was incorporated into firefighter PPE in the Connecticut market that could have caused Plaintiffs' alleged injuries. Decl. ¶¶ 11–12. Accordingly, Plaintiffs' claims should be dismissed for lack of personal jurisdiction.

## V.    **CONCLUSION**

For the aforementioned reasons, Gentex respectfully requests that the Court grant its Motion to Dismiss.

Dated: June 23, 2025                    Respectfully submitted,

                                        MORGAN, LEWIS & BOCKIUS LLP

                                        */s/ Matthew D. Thurlow*
                                        Matthew D. Thurlow (admitted *pro hac vice*)
                                        1111 Pennsylvania Avenue, NW
                                        Washington, DC 20004-2541
                                        Phone: (202) 739-5895
                                        Fax: (202) 739-3001
                                        matthew.thurlow@morganlewis.com

                                        Emily J. Dupraz (admitted *pro hac vice*)
                                        One Federal Street
                                        Boston, MA 02110-1726
                                        Phone: (617) 341-7832
                                        Fax: (617) 341-7701
                                        emily.dupraz@morganlewis.com

                                        Christopher M. Wasil (ct28578)
                                        One State Street
                                        Hartford, CT 06103
                                        Phone: (860) 240-2700
                                        Fax: (860) 240-2701
                                        christopher.wasil@morganlewis.com

                                        *Attorneys for Defendant Gentex Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of June, 2025, a true and correct copy of the foregoing Memorandum of Law In Support of Defendant Gentex Corporation's 12(b)(2) Motion to Dismiss was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Matthew D. Thurlow*
Matthew Thurlow

13