**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNIFORMED PROF'L FIRE FIGHTERS ASS'N OF CONNECTICUT, et al., | |
| Plaintiffs, | Case No.: 3:24-CV-01101-AWT-TOF |
| v. | |
| 3M COMPANY (F/K/A MINNESOTA MINING AND MANUFACTURING COMPANY), et al., | March 27, 2026 |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the March 24, 2026 Conference with Judge Farrish and the Court's Subsequent Order (ECF No. 381), the Parties report that they met and conferred again, but unfortunately were unable to reach an agreement on a proposed schedule.  Their respective positions are below:

**A.      Plaintiffs' Statement**

One claim for relief remains in this case: a claim under the Connecticut Product Liability Act (the "CPLA"), for which the Firefighter Plaintiffs seek medical monitoring as a remedy. Whether Connecticut recognizes medical monitoring under the CPLA either as a stand-alone claim or as a remedy under the CPLA, and if so, what test applies are open questions of law which are outcome determinative to this claim. Plaintiffs thus proposed (1) the parties jointly request that the District Court certify these unsettled questions of law to the Connecticut Supreme Court; and (2) a stay of merits discovery pending resolution of this issue by the Connecticut Supreme Court. Defendants oppose submission of the issues to the Connecticut Supreme Court for resolution on the basis that additional issues remain to be resolved by the District Court, including standing. Plaintiffs agree that standing is a threshold issue that the District Court must decide before it can

1

rule on the sole remaining claim for relief in this case.  The certification of this question to the Connecticut Supreme Court can only occur if the Court first denies Defendants' Motion to Dismiss based on standing.  Plaintiffs thus clarify the proposal they raised with the Court on March 24, 2026 to make it contingent upon a finding by the District Court that the Firefighter Plaintiffs and/or the Union Plaintiffs have standing to pursue the sole remaining legal claim in this case.

If the issue of the availability of a claim or remedy for medical monitoring and the standard to be applied are decided by the District Court, this leaves open the possibility of an appeals process and/or additional pleading.  While Plaintiffs are mindful of the time and expense involved in discovery and believe it makes sense to agree to stay merits discovery pending a final and case-determinative holding on an open issue of Connecticut law by the Connecticut Supreme Court, they cannot agree to a stay on merits discovery absent this assurance of finality.  If merits discovery is stayed under circumstances in which there may be lengthy appeals, the harm to Plaintiffs, who are currently being exposed to toxic levels of PFAS chemicals by the gear manufactured by Defendants, cannot be justified by the costs of litigation.  Because it involves an imminent risk to the health and well-being of the Firefighter Plaintiffs, the timing of the remedy they seek is significant to them.  Plaintiffs are willing to stay discovery for a finite amount of time to allow the Connecticut Supreme Court to rule on an open question of Connecticut law.  Plaintiffs are not willing to stay merits discovery under any other circumstances – even if it means expending time and resources.

Plaintiffs intend to make a motion to the District Court to certify the issues identified above to the Connecticut Supreme Court if the District Court finds that the Firefighter Plaintiffs and/or the Union Plaintiffs have standing to pursue a claim for medical monitoring under the CPLA. Plaintiffs proposed that merits discovery be stayed pending the outcome of Plaintiffs' forthcoming

motion. If the District Court grants Plaintiffs' motion and certifies the issues to the Connecticut Supreme Court, Plaintiffs propose that merits discovery remains stayed pending the Connecticut Supreme Court's decision. If the District Court declines to certify the question and/or if the Connecticut Supreme Court declines to take it, Plaintiffs believe merits discovery should move forward immediately for all Defendants who are not challenging jurisdiction and/or who have had a jurisdictional challenge denied by the District Court.

### B.    Defendants' Statement

On Monday, March 23, and again during the March 24 scheduling conference, the plaintiffs proposed that class and merits discovery be stayed while they move this Court to certify to the Connecticut Supreme Court the question whether Connecticut law recognizes claims for medical monitoring. The plaintiffs' proposal is attached as Exhibit 1. The proposal asserts that "the sole remaining issue in this case is medical monitoring." The proposal says that deciding an "outcome determinative" issue first, before engaging in "time-consuming and expensive merits discovery," "ensures the most efficient use of time and resources for the parties and the Court."

The defendants agree that deciding threshold legal issues before merits discovery begins would be most efficient and have long promoted this approach. (*See* ECF No. 296 at 12-22; ECF No. 362 at 2-12.)

There is now just one difference in the parties' positions on the appropriate discovery schedule. The plaintiffs say that class and merits discovery should wait for resolution of the medical-monitoring question—but only if that question is certified to the Connecticut Supreme Court and not if that question is resolved by this Court through a decision on the defendants' pending Rule 12 motions. The defendants propose that class and merits discovery should wait for resolution of all threshold and case-dispositive issues raised in the Rule 12 motions.

Defendants' position is grounded in the reasons set forth in their portion of the joint status report (ECF No. 362 at 2-6), as well as the following additional reasons.

First, the plaintiffs' proposal overlooks that the defendants have moved to dismiss the plaintiffs' claims for lack of subject-matter jurisdiction. (*See* ECF No. 245-1 at 15-19; ECF No. 252-1 at 12-15.) Questions of subject-matter jurisdiction must be considered first. *Chien v. Jensen*, No. 3:24-cv-01717 (KAD), 2025 WL 1135407, at *3 (D. Conn. Apr. 16, 2025).

Second, the question that the plaintiffs seek to certify—whether Connecticut law recognizes medical-monitoring claims—is not a live issue. In their response to the defendants' motions to dismiss, the plaintiffs clarified that they "seek medical monitoring as a remedy," not a claim. (ECF No. 292 at 41.) Given this clarification, there is no need for certification.

Third, the defendants' motions to dismiss are fully briefed. Even if plaintiffs' certification proposal concerned a live issue, the more efficient case-management plan would be to defer class and merits discovery until after those fully briefed motions, and any renewed Rule 12(b)(2) motions, are decided.

Fourth, the plaintiffs' certification proposal does not account for the claims of the union plaintiffs, which remain in the case. The defendants have moved to dismiss the union plaintiffs' claims under Rules 12(b)(1) and 12(b)(6). Thus, even if the plaintiffs' certification proposal had merit, it would not dispose of the entire case.

Fifth, the plaintiffs' proposal also does not acknowledge that the defendants have moved to dismiss the remaining CPLA claim on multiple grounds, including lack of cognizable injury under Connecticut law. (*See* ECF No. 245-1 at 31-35; ECF No. 252-1 at 26-32.)

Sixth, the plaintiffs' proposal that, in the absence of certification, class and merits discovery should proceed immediately as to those defendants who have not raised personal

jurisdiction defenses would create two different discovery tracks. That is not efficient for the parties or the Court. The defendants' proposal ensures that class and merits discovery will proceed on a unified schedule for all parties remaining in the case after resolution of all Rule 12 motions.

In sum, the parties agree that deciding threshold legal issues before starting burdensome discovery would promote efficiency. The Court has before it multiple threshold legal issues in the form of the defendants' fully briefed Rule 12(b)(1) and 12(b)(6) motions. Renewed Rule 12(b)(2) motions will soon be filed as well. The defendants reiterate their request that merits and class discovery begin for all parties only after those motions are decided. (*See* ECF No. 296 at 12-22; ECF No. 362 at 2-12.)

Dated:  March 27, 2026

/s/ Jennifer Sclar
Jennifer Sclar (ct31554)
Ian W. Sloss (ct31244)
Samantha Blend (ct31936)
Kaitlin Sayed (ct31667)
SILVER GOLUB & TEITELL LLP
One Landmark Square, Floor 15
Stamford, CT 06901
Tel. (203) 325-4491
jsclar@sgtlaw.com
isloss@sgtlaw.com
ksayed@sgtlaw.com

/s/ Kyle McGee
Kyle J. McGee (*pro hac vice*)
Jason H. Wilson (*pro hac vice*)
Suzanne Sangree (*pro hac vice*)
GRANT & EISENHOFER P.A.
123 S. Justison St.
Wilmington, DE 19801
Tel: (302) 622-7000
kmcgee@gelaw.com
jwilson@gelaw.com
ssangree@gelaw.com

Craig Spiegel
Steve Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 2nd Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
craigs@hbsslaw.com
steve@hbsslaw.com

*Attorneys for Plaintiffs individually,*
*on their own behalf and on behalf of all others similarly situated*

/s/*Kevin M. Smith*
Kevin M. Smith (ct24774)
James I. Glasser (ct07221)
WIGGIN AND DANA LLP
One Century Tower
265 Church Street
New Haven, CT 06510
Tel: (203) 498-4400
ksmith@wiggin.com
jglasser@wiggin.com

Michael B. Hewes (*pro hac vice)*
Caroline Dye Walker (*pro hac vice)*
Butler Snow LLP
1300 - 25th Avenue, Suite 204
Post Office Drawer 4248
Gulfport, MS 39502
Tel: (228) 864-1170
michael.hewes@butlersnow.com
caroline.walker@butlersnow.com

Amir C. Tayrani (*pro hac vice)*
Lauren R. Goldman (*pro hac vice)*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, DC 20036
Tel: 202-887-3692
atayrani@gibsondunn.com
lgoldman@gibsondunn.com

Daniel L. Ring (*pro hac vice)*
JENNER & BLOCK LLP
353 N Clark Street
Chicago, IL 60654
Tel: (312) 923-2625
DRing@jenner.com
**Counsel for Defendant 3M Company**

/s/ *Michael T. McCormack*
Michael T. McCormack (ct13799)
Timothy P. Jensen (ct18888)
O'Sullivan McCormack Jensen & Bliss PC
180 Glastonbury Blvd., Suite 210
Glastonbury, CT 06033
Tel: (860) 258-1993

/s/*James D. Geisler*
James D. Geisler (ct31447)
SHOOK, HARDY & BACON LLP
185 Asylum Street
City Place I, Suite 3701
Hartford, CT 06103
Tel: (860) 515-8901
JGeisler@shb.com

Amy M. Crouch (*pro hac vice)*
Brent Dwerlkotte (*pro hac vice)*
Zachary S. Beach (*pro hac vice)*
SHOOK HARDY & BACON LLP
2555 Grand Blvd. Kansas City, MO 64108
Telephone: 816-474-6550
Facsimile: 8186-421-5547
amcrouch@shb.com
dbdwerlkotte@shb.com
zbeach@shb.com
**Counsel for Defendants EIDP, Inc.,**
**DuPont De Nemours, Inc.,**
**The Chemours Company, Chemours**
**Company FC, LLC, and Corteva, Inc.**

/s/ *James F. Bogan III*
James F. Bogan III (*pro hac vice*)
Bennett T Richardson (*pro hac vice*)
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6467
jbogan@ktslaw.com
btrichardson@ktslaw.com

Fatima Lahnin (ct24096)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Tel.: (203) 777-5501
flahnin@carmodylaw.com
**Counsel for Defendant Southern Mills,**
**Inc. d/b/a Tencate Protective Fabrics**

6

mmccormack@omjblaw.com
tpjensen@omjblaw.com
**Counsel for Defendants The InterTech Group Inc. and PBI Performance Products, Inc.**

*/s/ Todd S. Sharinn*
Todd S. Sharinn (ct22087)
TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, NY 10022
(212) 702-3171
tsharinn@thsh.com

Vincent J. Syracuse (*pro hac vice*)
Amanda M. Leone (*pro hac vice*)
Maxwell W. Palmer (*pro hac vice*)
TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, NY 10022
(212) 508-6700
syracuse@thsh.com
leone@thsh.com
mpalmer@thsh.com
**Counsel for Defendant Viking Life-Saving Equipment (America), Inc., incorrectly named in this action as "Viking Life-Saving Equipment America, Inc."**

*/s/ Christopher J. Lynch*
Christopher J. Lynch, Esq. (ct07308)
Edward N. Storck , III (ct27312)
Michael Selbst (ct31525)
Freeman Mathis & Gary, LLP
CityPlace II
185 Asylum Street, 6th Floor
Hartford, CT 06103
Tel: (203) 280-5235
clynch@fmglaw.com
edward.storck@fmglaw.com
michael.selbst@fmglaw.com
**Counsel for Defendant Fire-Dex GW, LLC**

*/s/ Jeffrey J. Mirman*
Jeffrey J. Mirman (ct05433)

*/s/ Jennifer E. Karr*
Jennifer E. Karr, (ct31623)
LEWIS BRISBOIS BISGAARD & SMITH LLP
185 Asylum Street, Suite 2603
Hartford, Connecticut 06103
Tel: (860) 566-8045
Jennier.Karr@lewisbrisbois.com
**Counsel for Defendant Lion Group, Inc.**

*/s/ Anthony J. Natale*
Anthony J. Natale (ct08451)
Angela M. Vickery-Davis (ct30708)
NATALE & WOLINETZ
116 Oak Street
Glastonbury, CT 06033
Tel: (860) 430-1802
anatale@natalelawfirm.com
avickery@natalelawfirm.com

Jason R. Benton (*pro hac vice*)
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Tel: (704) 372-9000
jasonbenton@parkerpoe.com

Robert Osborne *(pro hac vice)*
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Tel: (843) 727-2662
robertosborne@parkerpoe.com
**Counsel for Defendants Elevate Textiles, Inc. and Safety Components Fabric Technologies, Inc.**

/s/ *Christopher M. Wasil*
Christopher M. Wasil (ct28578)
MORGAN, LEWIS & BOCKIUS LLP
One State St.
Hartford, CT 06103
Tel: 860-240-2700
christopher.wasil@morganlewis.com

Matthew D Thurlow *(pro hac vice)*

Alexa Talin Millinger (ct29800)
HINCKLEY, ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, CT 06103
Tel: (860) 331-2762
jmirman@hinckleyallen.com
amillinger@hinckleyallen.com

Mark S. Cheffo *(pro hac vice)*
Douglas E. Fleming, III *(pro hac vice)*
Gary J. Mennitt *(pro hac vice)*
Alyssa Walters *(pro hac vice)*
Jacqueline Harrington *(pro hac vice)*
Paul Anthony LaFata *(pro hac vice)*
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel: (212) 698-3500
mark.cheffo@dechert.com
douglas.fleming@dechert.com
gary.mennitt@dechert.com
alyssa.walters@dechert.com
jacqueline.harrington@dechert.com
paul.lafata@dechert.com
**Counsel for W. L. Gore & Associates, Inc.**

*/s/ Geoffrey M. Coan*
Geoffrey M. Coan, Esq. (ct31905)
Aaron Arthur Fredericks (ct29871)
Megan E. Ryan (ct31899)
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: (617) 213-7045
gcoan@hinshawlaw.com
afredericks@hinshawlaw.com
meganryan@hinshawlaw.com
**Counsel for Defendant Stedfast USA, Inc.**

*/s/ Brian E. Spears*
Brian E. Spears (ct14240)
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT 06890
Tel: (203) 292-9766

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
Tel: 202-739-5895
matthew.thurlow@morganlewis.com

Emily Jean Dupraz *(pro hac vice)*
MORGAN LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Tel: 617-341-7700
emily.dupraz@morganlewis.com
**Counsel for Gentex Corporation**

*/s/Kristen L. Zaehringer*
Kristen L. Zaehringer (ct27044)
BGM LAW GROUP, LLC
515 Centerpoint, Drive, Suite No. 226
Middletown, CT 06457
Tel: 203-914-4512
Kristen@bgmlawgroup.com

John A. Earnhardt *(pro hac vice)*
MAYNARD NEXSEN, PC
1901 Sixth Ave. N., Suite 1700
Birmingham, AL 35203
Tel: 205.254.1204
jearnhardt@MaynardNexsen.com

Connor Bauknight *(pro hac vice)*
MAYNARD NEXSEN, PC
1230 Main Street, Suite 700
Columbia, SC 29201
Tel: 803-253-8206
cbauknight@MaynardNexsen.com
**Attorneys for Defendant Lakeland Industries, Inc.**

*/s/ Michael Weiss*
Audra J. Inglis (ct31417)
Maron Marvel Bradley Anderson Tardy LLC
259 Seven Farms Drive, Suite 300
Daniel Island, SC 29492
Phone: 843-501-2714
ainglis@maronmarvel.com

8

bspears@spearsmanning.com

Stephen D. Feldman *(pro hac vice)*
Gregory L. Skidmore *(pro hac vice)*
Amanda Pickens Nitto *(pro hac vice)*
Travis S. Hinman (*pro hac vice*)
ROBINSON, BRADSHAW & HINSON, P.A.
600 S. Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Tel: 704-377-2536
sfeldman@robinsonbradshaw.com
gskidmore@robinsonbradshaw.com
anitto@robinsonbradshaw.com
thinman@robinsonbradshaw.com
***Counsel for Defendants Honeywell Safety Products USA, Inc. and Morning Pride Manufacturing, LLC***

*/s/ Michael C. Barbarula*
Michael C. Barbarula, Esq. (ct29454)
Michael T. Ryan, Esq. (ct05685)
Ryan Vincent Nobile (ct31590)
RYAN DELUCA LLP
1000 Lafayette Blvd., Suite 800
Bridgeport, CT 06604
Tel: (203) 549-6650
mcbarbarula@ryandelucalaw.com
mtryan@ryandelucalaw.com
rvnobile@ryandelucalaw.com

James L. Stengel *(pro hac vice)*
Paige Pavone *(pro hac vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
jstengel@orrick.com
ppavone@orrick.com

Hillary Dang *(pro hac vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
Tel: (202) 339-8582
hdang@orrick.com
***Counsel for Defendant Globe Manufacturing Company, LLC***

Michael Weiss *(pro hac vice)*
Carroll & Weiss LLP
2870 Peachtree Road NW, Suite 193
Atlanta, Georgia 30305
Tel: 404-514-5061
mweiss@carrollweiss.com
***Counsel for Defendant Milliken & Company***

9