**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNIFORMED PROFESSIONAL FIRE FIGHTERS ASSOCIATION OF CONNECTICUT, et al., Plaintiffs, | : | |
| v. | : | Civil No. 3:24-CV-1101 (AWT) |
| 3M COMPANY (f/k/a MINNESOTA MINING AND MANUFACTURING COMPANY), et al., Defendants. | : | |

**ORDER DENYING MOTION TO CERTIFY**

The plaintiffs have moved for the court to certify the following two questions to the Connecticut Supreme Court pursuant to Conn. Gen. Stat. § 51-199b:

1. Does the Plaintiffs' request for medical monitoring, based on the subclinical effects of fire fighters' heightened exposure to toxic PFAS chemicals from fire fighter protective gear, state a cognizable claim and/or permit a remedy under Connecticut state law?

2. If Connecticut law recognizes medical monitoring as a claim or remedy, what elements of proof does it require?

For the reasons set forth below, the plaintiffs' Motion to Certify (ECF No. 387) is hereby DENIED, without prejudice.

The Supreme Court of Connecticut "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in

the certifying court and if there is no controlling appellate decision, constitutional provision or statute of this state." Conn. Gen. Stat. § 51-199b(d).

"Certification is an exercise of . . . discretion." Glover v. Bausch & Lomb Inc., 6 F.4th 229, 244 (2d Cir. 2021), certified question answered, 343 Conn. 513 (2022). When asked to decide a question of state law "in the absence of authoritative law from the state's highest court", the court must either "(1) predict how the state's highest court would resolve the . . . question, or, if state law is so uncertain that we can make no reasonable prediction, (2) certify the question . . . for a definitive resolution." RSD Leasing Inc. v. Navistar Int'l Corp., 81 F.4th 153, 169 (2d Cir. 2023).

To determine whether to certify a question to the Supreme Court of Connecticut, a federal court must consider, among other factors: "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." Bifolck v. Philip Morris, Inc., No. 06-cv-1768 (SRU), 2014 WL 585325, at *2 (D. Conn. Feb. 14, 2014) (quoting O'Mara v. Town of Wappinger, 485 F.3d 693, 698 (2d Cir. 2007)). Certification allows state courts "to define state law", Gutierrez v. Smith, 702 F.3d 103, 116 (2d Cir. 2012), rightfully affording them the "first opportunity to decide significant issues of state law

through the certification process . . . ." Munn v. Hotchkiss Sch., 795 F.3d 324, 334 (2d Cir. 2015), certified question answered, 326 Conn. 540 (2017) (citation omitted). Therefore, certification is especially proper where the issues "implicate[] the weighing of policy concerns", because "principles of comity and federalism strongly support certification." Id. at 334 (citation omitted).

Under section 51-199b of the Connecticut General Statutes, a certification order must contain:

> (1) The question of law to be answered;
>
> (2) The facts relevant to the question, showing fully the nature of the controversy out of which the question arose;
>
> (3) That the receiving court may reformulate the question; and
>
> (4) The names and addresses of counsel of record and unrepresented parties.

Conn. Gen. Stat. § 51-199b(f).

In their statement of the questions to be certified, and in their supporting memoranda, statements by the plaintiffs create confusion about whether there is a standalone claim for medical monitoring in this case. The first question includes the issue of whether medical monitoring is a cognizable claim. Also, in their memorandum, the plaintiffs state: "The SAC pleads 'medical monitoring' both as a sub-theory under the CPLA, as well as a form of damages under the other CPLA theories." Pls.' Mem. In

Support of Pls' Mot. Certify ("Pls.' Mem.") at 4 n.1. In their reply memorandum, the plaintiffs state: "But the sole remaining cause of action in this case arises under the Connecticut Products Liability Act ("CPLA") . . . plead as six legal theories, including medical monitoring . . . In addition to being presented as a distinct theory of harm under the CPLA, medical monitoring is a central component of the relief sought under Plaintiffs' other theories of harm including strict liability, negligence, failure to warn, and negligent design." Pls.' Rep. Mem. in Support of Pls' Mot. to Certify at 2.

However, as the defendant's point out:

> The plaintiffs . . . assert[] that the current complaint alleges medical monitoring both as a standalone claim and remedy, thereby suggesting that their proposed questions for certification do not depend on whether medical monitoring is a remedy or a claim. (See id. at 4 n.1, 5.) That suggestion, however, overlooks that the plaintiffs disclaimed medical monitoring as a standalone claim by representing to the Court last year they only "seek medical monitoring as a remedy." (ECF No. 292 at 41.) The plaintiffs made this statement in response to the defendants' Rule 12 argument that medical monitoring is not a freestanding cause of action. (See ECF No. 245-1 at 43; ECF No. 252-1 at 40.)

Defs.' Opp. to Pls' Mot. to Certify ("Defs.' Opp.") at 3-4. Based on the position taken by the plaintiffs' in response to the motions to dismiss, the court granted the motions to dismiss as to any standalone claims for medical monitoring. See Ruling on Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Dkt. No. 430 at 57-

59.

The apparently contradictory positions leave the court uncomfortable with the task of preparing a certification order that sets forth "the facts relevant to the question, showing fully the nature of the controversy out of which the question arose[.]" Conn. Gen. Stat. § 51-199b(f)(2).

In addition, the plaintiffs contend that "this case contains an unavoidable, unresolved question of state law[.]" Pls.' Mem. at 2. However, as the defendants maintain, "[t]he requested certification . . . concerns only a potential remedy -- . . . this case is far from and may never reach any remedial stage." Defs.' Opp. at 1. See also id. at 3 ("If the plaintiffs' CPLA claim survives, the question of available remedies would arise only at a later stage."). Also, as noted in Dougan v. Sikorsky Aircraft Co., "[c]ourts . . . require competent expert testimony to prove a medical monitoring claim or remedy." 337 Conn. 27, 44 (2020). As the plaintiffs recognize, "[s]tate appellate courts are 'split on whether to accept or reject plaintiffs' claims that seek medical monitoring. Restatement (Third) of Torts, September 2025 Update, Tentative Draft No.2 (March 2023). *Medical Monitoring*, § 2_0 TD No 2 (2023)(collecting cases)." Pls.' Mem. at 2. Thus, any analysis by the Connecticut Supreme Court with respect to such a significant issue of state law will most likely implicate

weighing of policy concerns. It is quite likely that facts derived from expert reports and testimony would be an important consideration in weighing those policy concerns.

For these reasons, the court has reservations about whether certification of these questions at this point in the case has the capacity to resolve the litigation, even if medical monitoring as a cognizable claim were an issue in this case.

Therefore, the plaintiffs' motion is being denied.

It is so ordered.

Dated this 23rd day of September 2026, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge